IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| BENJAMIN KARL SMITH,<br><br>Plaintiff,<br><br>vs.<br><br>STATE OF MONTANA; MONTANA STATE PRISON; JOHN DOE, DIRECTOR OF CORRECTIONS; JOHN DOE, WARDEN; SGT. WEBBER, PRISON GUARD; ROBERT SHAW, UNIT MANAGER; and JOHN DOE, PRISON GUARD,<br><br>Defendants. | CV 13-77-H-DWM-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

On February 10, 2014, this Court issued an Order after conducting the prescreening analysis required by 28 U.S.C. §§ 1915, 1915A. The Court considered whether Mr. Smith's Complaint was frivolous, malicious, failed to state a claim, or sought solely monetary relief from a defendant who is immune. The Court found that Mr. Smith's allegations failed to state a federal claim upon which relief may be granted and gave Mr. Smith until March 14, 2014 to file an amended complaint. (Doc. 9.) He filed nothing in response to the Order.

Mr. Smith failed to correct the deficiencies in his Complaint. The Complaint should be dismissed for failure to state a claim.

1

### A. "Strike" under 28 U.S.C. § 1915(g)

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). The Court having found that Mr. Smith failed to state a claim, the dismissal of this matter should be a strike under 28 U.S.C. §1915(g).

### B. Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

> [A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
> (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*,

558 F.2d 548, 551 (9th Cir. 1977) (*quoting Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke*, 490 U.S. at 325, 327; *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact. As such, no reasonable person could suppose an appeal would have merit. The Court should certify that any appeal of this matter would not be taken in good faith.

**C. Address Changes**

At all times during the pendency of this action, Mr. Smith must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

It is **RECOMMENDED:**

1. Mr. Smith's Complaint (Doc. 2) should be dismissed.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g). Mr. Smith failed to

state a claim upon which relief may be granted.

4. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Smith may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of March, 2014.

                                             */s/ Keith Strong*
                                             Keith Strong
                                             United States Magistrate Judge

---

[1] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.